

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00566-CR

Joseph **ALMANZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR10451
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

MOTION TO WITHDRAW GRANTED; AFFIRMED

Appellant Joseph Almanza was indicted for the offenses of continuous violence against family (habitual) and injury to a child (habitual). Almanza waived his right to a jury trial and the matter was heard by the trial court. After considering the evidence, the trial court found Almanza guilty of both offenses and sentenced to him to twenty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division for each offense. The trial court ordered the sentences to run concurrently. Almanza then perfected this appeal.

Almanza's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof Almanza was given a copy of the brief and motion to withdraw and was informed of his right to file his own brief. Almanza filed a brief on his own behalf in which he alleges the following errors: (1) trying multiple cases at the same time or listing separate charges in the same indictment was prejudicial and violated his constitutional right to a fair trial; (2) his trial attorney could have requested a change of venue, but refused without his consent; (3) the indictment was invalid in that it failed to give him notice of the charges against him so as to allow him to prepare a defense; (4) he was entrapped; (5) the evidence was legally insufficient to support his convictions; (6) he received ineffective assistance of counsel; (7) the trial court violated his Due Process rights by "improper conduct during the trial"; and (8) the trial court erred in admitting certain photographs and testimony in violation of Rule 403 of the Texas Rules of Evidence.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and determine (1) the appeal is without merit and issue an opinion explaining there is no reversible error, or (2) there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, and Almanza's brief and find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Almanza's appointed counsel and affirm the trial court's judgment.

*See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Almanza wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish